UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KATHLEEN BURGOS,<br><br>        Plaintiff,<br><br>vs.<br><br>SOUTHEASTERN FREIGHT LINES, INC.<br><br>and<br><br>THOMAS J. ANDERSON,<br><br>        Defendants. | CASE NO. 5:20-cv-147 |

## <u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

COMES NOW Kathleen Burgos ("Mr. Burgos" or the "Plaintiff"), by and through undersigned counsel, and as and for her complaint (the "Complaint") against Southeastern Freight Lines, Inc. ("SFL") and Thomas J. Anderson ("Mr. Anderson") (SFL and Mr. Anderson being collectively known as the "Defendants" and each sometimes being known as a "Defendant") states as follows:

### Parties

1.      Ms. Burgos is a natural person who is a citizen of the State of Ohio by virtue of her ongoing domicile therein.

2.      Mr. Anderson is a natural person who, upon information and belief, is a citizen of the State of Florida, with such belief being correlative to his address of residence given to law enforcement at the time of the events giving rise to this Complaint and review of a driving record suggesting him to hold a driver's license issued by the State of Florida.

3.    SFL is a corporation formed pursuant to the laws of the State of South Carolina with its principal place of business being within the State of South Carolina.

## Jurisdiction and Venue

4.    This Honorable Court further enjoys jurisdiction over the matter *sub judice* pursuant to the allowances of Section 1332 of Title 28 of the United States Code, as this suit concerns citizens of different states and the matter in controversy exceeds the sum of Seventy Five Thousand Dollars and No Cents ($75,000.00).

5.    Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1391(b)(2) of Title 28 of the United States Code, as this matter concerns a vehicular collision occurring within one of the counties enumerated in Section 89(b) of Title 28 of the United States Code.

## General Allegations: Traffic Collision

6.    On February 27, 2018, Mr. Anderson was operating a semi-tractor and trailer on US Highway 27 in Marion County, Florida, approaching that roadway's intersection with County Road 326.

7.    At the same time, Ms. Burgos was operating her personal business vehicle on County Road 326, at that road's intersection with US Highway 27, where she was properly and lawfully stopped pursuant to the direction of a traffic control device.

8.    When the traffic control device at which Ms. Burgos was stopped turned green, she proceeded through the intersection.

9.    As Ms. Burgos was proceeding through the intersection, Mr. Anderson, in violation of the "red" command of a traffic control device, also proceeding through the same intersection, violating Ms. Burgos' right of way.

10.     The vehicle being operated by Mr. Anderson crashed into the vehicle being operated by Mr. Burgos.

11.     Specifically, the right side of Mr. Anderson's vehicle collided with the left side of Ms. Burgos' vehicle, causing Ms. Burgos' vehicle to rotate clockwise and spin, in a southeasterly direction, across multiple lanes of traffic and onto a grassy median strip, where her vehicle came to a rest facing south.

12.     As a result of the collision, Mr. Anderson's vehicle veered across multiple lanes of traffic, down an embankment, and onward, before coming to a stop in the parking lot of an adjacent gas station.

13.     Following the collision, Mr. Anderson was charged with violating Section 316.075(1)(C)(1) of the Florida Statutes in the County Court for Marion County, Florida.

14.     Following issuance of a citation for this charge, but prior to trial, both Mr. Anderson and at least one agent of SFL (Mr. Anderson's employer, as discussed *infra*) told multiple people – including witnesses to the collision in question – that Ms. Burgos was intoxicated at the time of the collision.

15.     This contention is particularly outrageous considerati (i) Mr. Anderson never actually met Ms. Burgos prior to the trial of his vehicular offense; (ii) there was no evidence to suggest – or reason to believe – Ms. Burgos was intoxicated at the time of the collision; and (iii) Ms. Burgos has not consumed alcohol in more than ten (10) years.

16.     Mr. Anderson initially pleaded not guilty to the charge, resulting in a trial being held in March 2018, for which Ms. Burgos and multiple other witnesses were compelled to travel to Marion County, Florida and offer testimony.

17.     At trial, Mr. Anderson changed his plea to one of *nolo contendere* and was adjudicated guilty by the County Court for Marion County, Florida, following the testimony of Ms. Burgos and others.

18.     In light of Mr. Anderson's extensive history of driving infractions, for many of which adjudication was withheld, the Circuit Court for Marion County, Florida found it inappropriate to withhold an adjudication of guilt in connection with his violation of governing law giving rise to his collision with Ms. Burgos.

### General Allegations: Employment

19.     Mr. Anderson was, at all times relevant, operating a semi-tractor and trailer owned by SFL, and doing so for the benefit of SFL.

20.     Mr. Anderson was, at all times relevant, an employee of SFL.

21.     The events occurred of herein occurred while Mr. Anderson was acting within the scope of his employment with SFL.

22.     Inasmuch as Mr. Anderson was acting within the scope of his employment at all times relevant, SFL is vicariously liable for the tortious conduct of Mr. Anderson complained of herein.

### General Allegations: Damages

23.     As a direct and proximate result of the collision complained of herein, Ms. Burgos has suffered multiple injuries, required extensive medical care, lost substantial wages, lost personal property, and been subjected to appreciable pain and suffering.

24.     Specifically, and without limitation, Ms. Burgos continues to confront now-chronic injuries (for which she is still receiving treatment as of the filing of this Complaint) including a lack of full mobility in her left shoulder, a broken jaw requiring a plate, infections

from shards of glass that remain lodged in her body and face through the present, and post-traumatic stress syndrome.

25.    As a result of these injuries, Ms. Burgos has incurred medical bills in excess of Thirty Two Thousand Dollars and No Cents ($32,000.00).

26.    As a result of these injuries, Ms. Burgos was unable to work for an extended period of time and suffered lost revenue in excess of Sixty Two Thousand Dollars and No Cents ($62,000.00).

27.    As a result of the at-issue collision, Ms. Burgos' vehicle was "totaled," resulting in a loss in excess of Forty Five Thousand Dollars and No Cents ($45,000.00).

28.    As a result of the at-issue collision, Ms. Burgos has experienced extraordinary amounts of physical pain, and extensive suffering, with the same continuing through the present due to the chronic nature of certain injuries.

**Count I - Negligence**

29.    Ms. Burgos incorporates by reference the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30.    Mr. Anderson owed Ms. Burgos a duty to operate his semi-tractor and trailer in accord with governing laws while driving it within the State of Florida.

31.    Mr. Anderson breached this duty by proceeding through a red traffic control device, and violating Ms. Burgos' right of way.

32.    This breach has caused Ms. Burgos to sustain damages in the form of multiple injuries, loss of property, diminution in the value of property, lost wages, pain, and suffering.

33.    Ms. Burgos has been damaged in sum in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) as a result of Mr. Anderson's negligence.

34.    Mr. Anderson was acting within the scope of his employment with SFL at all times relevant.

WHEREFORE, Ms. Burgos respectfully prays this Honorable Court (i) enter judgment in her favor, and against Mr. Anderson and SFL, jointly and severally, in a sum in excess of One Hundred Fifty Nine Thousand Dollars and No Cents ($159,000.00) as and for damages sustained in the form of medical obligations, lost income, loss of property, and diminution in the value of property; (ii) enter judgment in her favor, and against Mr. Anderson and SFL, jointly and severally, in the sum of Six Hundred Thousand Dollars and No Cents ($600,000.00) as and for her pain and suffering; and (iii) afford such other and further relief as may be just and proper.

### Count II – Negligence Per Se

35.    Ms. Burgos incorporates by reference the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

36.    Section 316.075(1)(C)(1) of the Florida Statutes requires "Vehicular traffic facing a steady red signal shall stop before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and shall remain standing until a green indication is shown…"

37.    Mr. Anderson has been adjudicated guilty of violating the foregoing provision of Florida law.

38.    Ms. Burgos, as a fellow motorist, is within the class of persons intended to be protected by Section 316.075(1)(C)(1) of the Florida Statutes.

39.    This violation of controlling law has caused Ms. Burgos to sustain damages in the form of multiple injuries, loss of property, diminution in the value of property, lost wages, pain, and suffering.

40.    Ms. Burgos has been damaged in sum in excess of Seventy Five Thousand Dollars and No Cents ($75,000.00) as a result of Mr. Anderson's negligence.

41.    Mr. Anderson was acting within the scope of his employment with SFL at all times relevant.

WHEREFORE, Ms. Burgos respectfully prays this Honorable Court (i) enter judgment in her favor, and against Mr. Anderson and SFL, jointly and severally, in a sum in excess of One Hundred Fifty Nine Thousand Dollars and No Cents ($159,000.00) as and for damages sustained in the form of medical obligations, lost income, loss of property, and diminution in the value of property; (ii) enter judgment in her favor, and against Mr. Anderson and SFL, jointly and severally, in the sum of Six Hundred Thousand Dollars and No Cents ($600,000.00) as and for her pain and suffering; and (iii) afford such other and further relief as may be just and proper.

### Count III – Defamation Per Se

42.    Ms. Burgos incorporates by reference the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

43.    Mr. Anderson, together with other agents of SFL, told witnesses to the collision at issue *sub judice* Ms. Burgos was intoxicated at the time of the collision.

44.    These statements of Mr. Anderson and SFL serve to allege Ms. Burgos was engaged in the criminal conduct of driving a motor vehicle while under the influence of alcohol.

45.    These statements of Mr. Anderson and SFL serve to allege Ms. Burgos undertook a course of conduct incompatible with the proper operation of her profession, which entails her driving a trailer to various horse shows throughout the United States.

46.    These statements were made with actual malice, as Ms. Anderson never met Ms. Burgos prior to making these statements nor did Mr. Anderson have any reason or evidence to believe these statements to be true.

47.    These statements were made with actual malice as they were calculated by both Mr. Anderson and SFL to minimize Mr. Anderson's liability for violating controlling law and to minimize the liability of both Mr. Anderson and SFL for damaging Ms. Burgos in the manner alleged *passim*.

WHEREFORE, Ms. Burgos respectfully prays this Honorable Court (i) enter judgment in her favor, and against Mr. Anderson and SFL, jointly and severally, in a sum equal to any actual damages she has incurred on account of the Defendants' defamatory conduct; (ii) enter judgment in her favor, and against Mr. Anderson and SFL, jointly and severally, in the sum of Two Hundred Fifty Thousand Dollars and No Cents ($250,000.00) as and for punitive damages; and (iii) afford such other and further relief as may be just and proper.

## Jury Demand

Pursuant to, and in accordance with, the allowances of Federal Rule of Civil Procedure 38, Ms. Burgos prays a trial by jury on all matters so triable.

**[SIGNATURE ON FOLLOWING PAGE]**

Dated: April 12, 2020               Respectfully submitted,

                                      */s/ Maurice VerStandig*
                                      Maurice VerStandig, Esq.
                                      Bar Number 76723
                                      The VerStandig Law Firm, LLC
                                      1452 W. Horizon Ridge Pkwy, #665
                                      Henderson, Nevada 89012
                                      Phone: (301) 444-4600
                                      Facsimile: (301) 576-6885
                                      mac@mbvesq.com
                                      *Counsel for Kathleen Burgos*