## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

KATHLEEN BURGOS,

          Plaintiff,

vs.                           Case No. 5:20-cv-147

SOUTHEASTERN FREIGHT LINES, INC.,
and THOMAS J. ANDERSON,

          Defendants.
_____/

### DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW

COME NOW Defendants, SOUTHEASTERN FREIGHT LINES, INC. and THOMAS J. ANDERSON, by and through undersigned counsel, and hereby moves this Honorable Court pursuant to Fed. R. Civ. Pro 12(b)(6), to dismiss[1] Plaintiff's Complaint for failure to state a claim upon which relief can be granted and, as grounds in support thereof, state as follows:

### FACTUAL BACKGROUND

The subject lawsuit arises from a February 27, 2018 motor vehicle accident in Marion County, Florida. Plaintiff KATHLEEN BURGOS ("Plaintiff") filed her Complaint and Demand for Trial by Jury on or about April 12, 2020. (Doc. 1.) Plaintiff's Complaint claims that on February 27, 2018, Defendant THOMAS J. ANDERSON ("Anderson") was operating a semi-tractor and trailer on US Highway 27 in Marion County, Florida, approaching that roadway's intersection with County Road 326. (Doc. 1, ¶ 6.) Plaintiff claims that at the same time, she was operating her personal business vehicle on County Road 326, at that road's intersection with US

---

[1] Per Defendants' Waivers of the Service of Summons (Docs. 6 & 7), Defendants' Motion to Dismiss is timely filed as the Waivers permitted filing of a responsive pleading within sixty (60) days of April 15, 2020.

Highway 27, where she was properly and lawfully stopped pursuant to the direction of a traffic control device. (Doc. 1, ¶ 7.) Plaintiff alleges that Anderson operated his vehicle so as to collide with her vehicle. (Doc. 1, ¶¶ 8-11.) Plaintiff alleges that the subject accident occurred while Anderson was in the course and scope of his employment with Defendant SOUTHEASTERN FREIGHT LINES, INC. ("SEFL"). (Doc. 1, ¶¶ 19-22.)

Plaintiff improperly included in her Complaint that Anderson was charged with violating Section 316.075(1)(C)(1) of the Florida Statutes in the County Court for Marion County, Florida. (Doc. 1, ¶ 13.) Plaintiff also improperly included that Anderson pleaded not guilty to the charge, resulting in a trial and a subsequent plea of *nolo contendere* to the citation and further alleges Anderson has an "extensive history of driving infractions." (Doc. 1, ¶¶ 16-18.)17. Plaintiff's Complaint further claims that Anderson and "at least one agent" of SEFL "told multiple people – including witnesses to the collision in question – that [Plaintiff] was intoxicated at the time of the collision." (Doc. 1, ¶ 14.)

In support of her claim, Plaintiff has included the following counts against Anderson and vicariously against SEFL: Count I for "Negligence"; Count II for "Negligence Per Se"; and Count III for "Defamation Per Se." In each of these counts, Plaintiff claims that Anderson and SEFL are "jointly and severally" liable for Plaintiff's claims. (Doc. 1.) As to Count II for "Negligence Per Se," Plaintiff relies upon Anderson's alleged violation of Florida Statute Section 316.075(1)(c)(1) and alleged adjudication and citation of that statute as support for such a claim. (Doc. 1, ¶¶ 36-39.) As to Count III for "Defamation Per Se," Plaintiff claims that Anderson and SEFL's alleged comments that Plaintiff was intoxicated at the time of the accident serve to allege Ms. Burgos was engaged in the criminal conduct of driving a motor vehicle while

under the influence of alcohol. (Doc. 1, ¶ 44.) Plaintiff further claims these statements were made with actual malice but fails to allege any harmful effect. (Doc. 1, ¶¶ 46-47.)

It is clear from a review of Plaintiff's Complaint that she has failed to state a cause of action for "Negligence Per Se" and "Defamation Per Se." Further, Plaintiff has improperly incorporated reference to Anderson's citation for the accident and plea of *nolo contendere* as a basis for a claim of "Negligence Per Se". The citation and plea themselves are wholly prejudicial and would not be admitted evidence at trial and, thus, cannot serve as a basis for Plaintiff's Complaint or any of the claims therein. Lastly, Plaintiff relies on the theory of joint and several liability as to all three (3) counts, a theory of liability that has been abolished in Florida since 2006. Based on the deficiencies addressed herein, Plaintiff's Complaint must be dismissed, or in the alternative stricken.

## MEMORANDUM OF LAW

### I.    Standard of Review

On a motion to dismiss, the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir.2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir.1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982). In reviewing a motion to dismiss, the Court is required to view the complaint in the light most favorable to the plaintiff and accept all allegations as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572, 573 (M.D.Fla.1993) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Such a motion should be granted only where the plaintiff can prove no set of facts upon which relief could be granted. *National Org. for Women v. Scheidler*, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994) (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

## II.   Plaintiff's Complaint Impermissibly Makes Reference to Anderson's Traffic Citation & Plea of *Nolo Contendere* & Such Allegations Should Be Dismissed and/or Stricken

Plaintiff attempts to put Anderson's non-criminal traffic citation and subsequent plea of *nolo contendere* at issue and as a basis for her claim for negligence per se. Because evidence of the citation or subsequent plea and adjudication would not be admissible at trial, such allegations serving as a factual basis for Plaintiff's claim of negligence per se are wholly inappropriate and

must be dismissed and/or stricken. Rule 15(f), Federal Rules of Civil Procedure, allows this Court to strike from any pleading, "redundant, immaterial, impertinent, or scandalous matter." Under Florida law, the admission of evidence or allegations concerning the issuance or non-issuance of a citation has been held to be reversible error. *See Bigio v. Crews*, 2015 WL 13541058 (S.D. Fla. 2015); *Budget Rent A Car Systems, Inc. v. Jana*, 600 So.2d 466 (Fla. 4th DCA 1992) (*citing* the basis and purpose of Fla. Stat. § 316.066, which provides that any statement made to a law enforcement officer for the purposes of completing a crash report shall be without prejudice to the individual so reporting and that such statement may not be used as evidence in any criminal or civil trial.) Further, the allegations and evidence of an admission of the conclusions of an investigating law enforcement officer even suggesting that a driver has been charged with a traffic violation in connection with an accident constitutes prejudicial error. *See Galgano v. Buchanan*, 783 So.2d 302 (Fla. 4th DCA 2001).

Where fault is at issue in a personal injury action from a motor vehicle action, as in the present case, permittance of such allegations of a citation and plea and/or adjudication, and the subsequent evidence of same, must constitute prejudicial error as the determination of fault in the traffic investigation by an investigating officer subsumes the jury's determination of fault. *See Hulick v. Beers*, 7 So.3d 1153 (Fla. 4th DCA 2009). Further, Florida courts have consistently held that an adjudication in a criminal prosecution is not admissible in a civil action as evidence of the facts upon which it is based. *See Estate of Wallace v. Fisher*, 567 So.2d 505 (Fla. 5th DCA 1990) (finding that evidence of guilt of violation of said traffic ordinance is inadmissible as evidence in a civil action a proof of the conduct itself); *Carter v. Carter*, 88 So.2d 153, 158 (Fla. 1956). Upon the facts at issue, Anderson's citation and subsequent plea and adjudication cannot serve as a factual basis supporting Plaintiff's claim in the Complaint.

While these decisions interpret application of the Florida Rules of Evidence, a similar application can be applied here as to the allegations of Plaintiff's Complaint. Such allegations and subsequent evidence of same will be inadmissible at trial and this Court should not entertain Plaintiff's attempt at circumventing such inadmissibility by permitting such allegations to be included in the Complaint as a basis for a claim for negligence per se. As such, Plaintiff's Complaint must be dismissed, or such allegations must be stricken in the alternative.

### III.    Plaintiff Has Failed to Plead Cause of Action for "Negligence Per Se"

Plaintiff relies upon the Florida Traffic Statute, Anderson's traffic citation, and subsequent plea of nolo contendere as basis  for her claim for "Negligence Per Se." Because such allegations must be stricken, Plaintiff has no basis for such a claim which must be dismissed. However, even if the traffic citation and plea allegations were permitted to stand, Plaintiff has failed to plead a cause of action for negligence per se.

In *DeJesus v. Seaboard Coast Line R.R.*, 281 So.2d 198, 201 (Fla. 1973), the Florida Supreme Court defined two categories of statutes, the violation of which would constitute negligence per se. Those statutes are: (1) strict liability statutes designed to protect a class of persons that cannot protect themselves; and (2) statutes that establish "a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." *Id.* Thus, violations of statutes that apply to the general public do not constitute negligence per se. *See St. Cyr v. Flying J Inc.*, No. 3:06-cv-13-J-33TEM, 2006 U.S. Dist. LEXIS 52239, at *20 (July 31, 2006); *see also Grand Union Co. v. Rocker*, 454 So.2d 14, 16 (Fla. 3d DCA 1984). Here, Plaintiff's claim of negligence per se is premised on the Florida Traffic Statute Section 316.075 which is insufficient to qualify and support a claim for negligence per se.

As a preliminary matter, a claim of negligence per se cannot be based on an alleged violation of Florida's common law. *See White v. NCL Am., Inc.*, No. 05-22030, 2006 U.S. Dist. LEXIS 24756, at *15 (S.D. Fla. Mar. 8, 2006) ("In a negligence per se case, the duty is defined by the applicable statute rather than the common law."). Thus, to the extent Plaintiff's claim is premised on alleged violations of non-statutory law, such as Florida's "common law", Plaintiff's claim should be dismissed for failure to state a claim upon which relief may be granted.

Under Florida law, it is "negligence per se " to violate a penal statute or ordinance, ***not regulating traffic***, which was designed to protect a particular class of persons of which the Plaintiff is a member, from a particular injury or type of injury. *DeJesus*, 281 So.2d at 198 (emphasis added.)

Plaintiff cannot demonstrate that the instant statute was intended to protect the public against the specific conduct alleged in this case.  Moreover, even if Plaintiff could make this showing, her claim would still fail because violations of statutes that protect the general public do not constitute negligence per se. *See Grand Union Co.*, 454 So.2d at 16 (building code violations do not support a claim for negligence per se because the building codes are designed to protect the general public); *Groh v. Hasencamp*, 407 So.2d 949, 953 (Fla. 3d DCA 1981) (holding that as a matter of law negligence per se was not established by the violation of statute designed for the protection of the public in general).

As such, Plaintiff's Complaint, premised on inadmissible factual allegations, fails to state a claim for "Negligence Per Se" and must be dismissed.

### IV.    Plaintiff's Complaint Is Impermissibly Premised on the Abolished Theory of Joint & Several Liability

As noted above, all three (3)  of Plaintiff's counts included with the Complaint are premised and reference Anderson and SEFL as jointly and severally liable for the claims of

Plaintiff. Florida Statute Section 768.81 for "Comparative Fault" abolished joint and several liability in 2006. As such, Plaintiff's Complaint, which is wholly based on the theory of joint and several liability, must be dismissed. Alternatively, any allegations of joint and several liability must be stricken.

**V.    Plaintiff's Complaint Fails to State A Cause of Action for "Defamation Per Se"**

Plaintiff's claim for defamation "per se" fails as a matter of law. In Florida, a claim for defamation per se may proceed under a theory of libel per se or slander per se depending on the facts of the case. *See generally Ordonez v. Icon Sky Holdings LLC*, No. 10–60156–CIV, 2011 WL 3843890 (S.D. Fla. Aug. 30, 2011) (libel per se ); *Campbell v. Jacksonville Kennel Club, Inc.*, 66 So.2d 495, 497 (Fla.1953) (slander per se). In Florida, slander is actionable per se without a showing of special damage [ ] if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office, or (d) the other being a woman, acts of unchasti[t]y. *Campbell*, 66 So.2d at 497 (alterations added; citation omitted). In reviewing Plaintiff's Complaint, Plaintiff has failed to allege any of the above-referenced scenarios for defamation per se. Plaintiff has failed to allege that Defendants made a statement that Plaintiff committed a criminal act constituting a felony as driving while intoxicated without more specification is not a felony. Further, Plaintiff failed to allege how such a statement could affect her profession or business, as Plaintiff has not even alleged what such profession or business is.

Further, to the extent that Plaintiff intends to assert a claim for defamation, Plaintiff has failed to establish the requisite elements for same in her Complaint. Defamation requires that the pleader show all of the following: "(1) publication; (2) falsity; (3) actor must act with knowledge

8

or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory". *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).  Plaintiff has specifically failed to plead any ultimate facts supporting their legal conclusion that Defendants' statements were defamatory or damaged Plaintiff.

A defamation claim does not arise merely because a statement was made, and the statement was false.  *See Wolfson v. Kirk*, 273 So. 2d 774, 778 (Fla. 4th DCA1973).  The Court must evaluate the pleading to determine if the false statements plead could have possibly had a defamatory or harmful effect.  *Id.*  Specifically, the false statement is only defamatory where it "tends to harm the reputation of another by lowering him or her in the estimation of the community or, more broadly stated, [a statement is defamatory when it] exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation".  *Jews For Jesus*, 997 So. 2d at 1108.  This requires a plaintiff to show his reputation in the community and the actual economic, political, or personal effects the false statement had.  *Id.*

"Where the court finds that a communication could not possibly have a defamatory or harmful effect, the court is justified in either dismissing the complaint for failure to state a cause of action or in granting a directed verdict at the proof stage."  *Id.*  Simply because a pleader comes to the conclusion that a statement was defamatory does not mean that the Court must come to the same conclusion.  *Cooper v. Miami Herald Pub. Co.*, 31 So. 2d 382, 384 (Fla. 1947) (granting dismissal of the plaintiff's complaint finding that the alleged statements could not be considered defamatory).

In this case, Plaintiff has failed to sufficiently allege, beyond the alleged falsity of the information, that the statements were defamatory.  Like in *Jews for Jesus*, Plaintiff in this case

must put forth an allegation that the false statements resulted in some sort of diminution of the Plaintiffs reputation in their community.  Plaintiff, however, has failed to allege any ultimate facts of how the statements were defamatory.  Without such an allegation, their complaint is insufficiently plead.  Furthermore, like the Court in *Cooper*, this Court can clearly conclude that the false statements alleged to have been made about the Plaintiff's potential intoxication do not give rise to the level of "hatred, ridicule, or contempt" required to show defamation.  Since Plaintiff has failed to allege ultimate facts supporting their legal conclusion that she was defamed and because this Court can easily conclude that the statements do not meet the definition of defamatory, this Court must dismiss Plaintiff's claim for defamation.

It should also be noted that Plaintiff has failed to allege any damages arising from the alleged defamation. The damages element in a defamation claim is always qualified by either requiring proof of "actual" or "special" damages.  *Ramsey v. Fox News Network, L.L.C.*, 351 F. Supp. 2d 1145, 1150 (D. Colo. 2005); *Jews For Jesus, Inc.*, 997 So. 2d at 1106 ; *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. 1st Dist. App. 1977) *writ discharged*, 363 So. 2d 1065 (Fla. 1978).  Actual damages are defined as "[a]n amount awarded to a complainant to compensate for proven injury or loss; damages that repay actual losses.  *Black's Law Dictionary* (Bryan A. Garner ed., 7th ed., West 1999)(emphasis added).  Regardless of the exact name under the law, the pleading of such special damages, either actual or specific, is different from general damages and is an essential element to an action for defamation. *Bobenhausen*, 344 So. 2d at 281; *Edelstein v. WFTV, Inc.*, 798 So. 2d 797, 798 (Fla. 4th Dist. App. 2001).

In this case, the Plaintiff has failed to allege actual or specific damages and the Plaintiff has also failed to support an allegation of such damages with ultimate facts.  In the Plaintiffs'

complaint, they merely state that as a result of the false statements Plaintiff incurred damages as a result of the defamatory conduct and has claimed $250,000 for same without any specification as to what constitutes those damages and how they were incurred. Additionally, even if the legal conclusion that Plaintiff had been damaged was the correct legal conclusion under the law, the Plaintiff has failed to allege any factual allegations as to what specific damages Plaintiff has suffered.  Plaintiff has clearly failed to properly allege damages as required for a claim of defamation under the law and have also failed to allege ultimate facts in support of their legal conclusion that she was damaged.  Thus, this Court must dismiss the Plaintiff's claim for defamation.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' Complaint should be dismissed as to Defendants for failure to state a claim upon which relief can be granted. It is clear from a review of Plaintiff's Complaint that she has failed to state a cause of action for "Negligence Per Se" and "Defamation Per Se." Further, Plaintiff has improperly incorporated reference to Anderson's citation for the accident and plea of nolo contendere as a basis for a claim of "Negligence Per Se". The citation and plea themselves are wholly prejudicial and would not be admitted evidence at trial and, thus, cannot serve as a basis for Plaintiff's Complaint or any of the claims therein. Lastly, Plaintiff relies on the theory of joint and several liability as to all three (3) counts, a theory of liability that has been abolished in Florida since 2006.

WHEREFORE, Defendants SOUTHEASTERN FREIGHT LINES, INC. and THOMAS J. ANDERSON respectfully request this Honorable Court dismiss Plaintiff's Complaint and any and all other relief determined fair and just.

Respectfully submitted,

By:      /s/ *Trevor T. Rhodes*

Trevor Rhodes, Esquire
FBN 0020573
Benjamin G. Lopez, Esquire
FBN 117532
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Blvd., Suite 1700
Tampa, FL  33602
(813) 221-1500; Fax No: (813) 222-3066
service-trhodes@bankerlopez.com
service-blopez@bankerlopez.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2020 I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will be emailed to:

Maurice VerStandig, Esq.
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Parkway, #665
Henderson, Nevada  89012
(301) 444-4600
Fax (301) 576-6885
mac@mbvesq.com
*Attorney for Kathleen Burgos*

By:      /s/ *Trevor T. Rhodes*

Trevor Rhodes, Esquire
FBN 0020573
Benjamin G. Lopez, Esquire
FBN 117532
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Blvd., Suite 1700
Tampa, FL  33602
(813) 221-1500; Fax No: (813) 222-3066
service-trhodes@bankerlopez.com
service-blopez@bankerlopez.com
*Attorney for Defendants*