UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KATHLEEN BURGOS,<br><br>  Plaintiff,<br><br>vs.<br><br>SOUTHEASTERN FREIGHT LINES, INC.<br><br>and<br><br>THOMAS J. ANDERSON,<br><br>  Defendants. | CASE NO. 5:20-cv-147-JSM-PRL |

**OPPOSITION TO MOTION TO DISMISS**

  COMES NOW Kathleen Burgos ("Mr. Burgos" or the "Plaintiff"), by and through undersigned counsel, and in opposition to the motion to dismiss (the "Motion," as found at DE #13, with the underlying pleading being known as the "Complaint," as found at DE #1) filed by Southeastern Freight Lines, Inc. ("SFL") and Thomas J. Anderson ("Mr. Anderson") (SFL and Mr. Anderson being collectively known as the "Defendants" and each sometimes being known as a "Defendant") states as follows:

 **I.** **Introduction**

  Mr. Anderson, while driving a truck for SFL, ran a red light, pummeled into Ms. Burgos' vehicle, caused appreciable bodily harm to Ms. Burgos, spun a demonstrably counterfactual tale about Ms. Burgos being intoxicated, was convicted in traffic court despite his fantastical efforts, and now endeavors to avoid civil liability to Ms. Burgos. SFL herein joins Mr. Anderson in attempting to shirk responsibility for these actions while Ms. Burgos continues to suffer physically.

1

The Motion should be denied as it (i) misstates Florida law governing joint and several liability (which is very much a form of judgment available *sub judice*); (ii) ignores the pointed relevance of Mr. Anderson's trial and conviction for the events at issue in this case; and (iii) overlooks the validity of Ms. Burgos' claim for defamation *per se* as stated. Each of these points is extrapolated upon *infra*.

## II. Standard

As this Honorable Court has observed of the standard governing review of motions seeking dismissal:

> Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." On the contrary, legal conclusions "must be supported by factual allegations." Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."

*Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1355 (M.D. Fla. 2012) (Moody, J.) (citing Fed. R. Civ. P. 12(b)(6); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

## III. Argument

### a. The Motion Conflated the Law Governing Joint and Several Liability

Ms. Burgos seeks to hold the Defendants jointly and severally liable herein, as Mr. Anderson is a direct tortfeasor and was acting within the scope of his employment with SFL at all times relevant. *See* Complaint at ¶¶ 19-22. The Defendants, in turn, claim the notion of joint and several liability has been abolished within the State of Florida, and the Complaint must be

accordingly dismissed. *See* Motion to Dismiss at pp. 7-8. This is an incorrect characterization of controlling law.

Florida law is perfectly clear that "'[I]ndividual officers and agents of a corporation are personally liable for torts committed within the scope of their employment,' and joint and several liability may apply to both the individual who perpetrated the tort and the company for whom he worked." *Daum v. Adweiss, LLLP*, 271 So. 3d 30, 31 (Fla. 3d DCA 2018) (quoting and citing *Powerhouse, Inc. v. Walton*, 557 So.2d 186, 186 (Fla. 1st DCA 1990)). *See also*, *Walters v. Beach Club Villas Condo., Inc.*, 2020 WL 912943, at *3 (Fla. 3d DCA 2020) ("However, '[w]hen an owner owes a non-delegable duty of care to a plaintiff who obtains a verdict assigning negligence to the owner and a party contracted by the owner, the owner [becomes] jointly and severally liable for the negligence attributed to the contracted party.'") (quoting *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 430 (Fla. 4th DCA 2014) (citing *U.S. Sec. Servs. Corp. v. Ramada Inn, Inc.*, 665 So. 2d 268, 268-71 (Fla. 3d DCA 1995)); citing *Armiger v. Associated Outdoors Clubs, Inc.*, 48 So. 3d 864, 875 (Fla. 2d DCA 2010)).

The Defendants appear to confuse the doctrine of joint and several liability as applied in a situation of *respondeat superior* liability – such as that in this case – with joint and several liability as a means of apportioning liability between multiple independent tortfeasors. The latter practice has been barred by applicable statute, as Florida favors comparative apportionment of liability. *See, e.g.,* Fla. Stat. § 768.81(3) ("In a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability"). The former practice remains wholly viable.

To be sure, judgments are routinely entered jointly and severally, as contemplated by the *Daum* and *Walters* Courts. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Miami Med. Care Ctr.,*

*Inc.*, 2016 WL 6962872, at *6 (S.D. Fla. 2016) ("This Default Final Judgment is joint and several."); *Safeco Ins. Co. of Am. v. Becker*, 2010 WL 3277646, at *1 (N.D. Fla. 2010) ("The judgment shall reflect that Ms. Raines' liability is joint and several with that of the other defendants in this action.").

This case does not present a situation where multiple persons did direct harm to Ms. Burgos. Rather, Mr. Anderson is clearly the individual who caused the damages complained of herein, and SFL is jointly liable as his employer since he was acting within the scope of his employment at the time. Accordingly, a joint and several judgment is appropriately prayed for, and the Motion merits denial as to this issue.

### b. Mr. Anderson's Trial and Conviction are Relevant to the Case *Sub Judice*

Following the events at issue *sub judice*, Mr. Anderson was cited for violating governing law and stood trial. *See* Complaint at ¶¶ 13, 16-18. Mr. Anderson was "adjudicated guilty by the County Court for Marion County, Florida, following the testimony of Ms. Burgos and others." Complaint at ¶ 17. The Defendants argue this fact is prejudicial and should be stricken from the Complaint. Motion at pp. 4-6. Whether or not evidence is admissible at trial is immaterial at this nascent stage of a case, but the Defendants' assertions are nonetheless errant as Florida law makes clear that violation of a traffic statute is evidence of negligence.

The Supreme Court of Florida has made clear, *inter alia*, "Proof of violation of a traffic ordinance is prima facie evidence only of 'negligence'; proximate cause and other elements of actionable negligence must be proven independently." *deJesus v. Seaboard Coast Line R. Co.*, 281 So. 2d 198, 201 (Fla. 1973).

In fact, the standard jury instructions used by Florida's state courts specifically contemplate admission of evidence of a traffic ordinance's violation and the treatment thereof by

4

a jury, providing an instruction "to be used for the violation of both traffic and nontraffic regulations, ordinances, or codes where the violation constitutes evidence of negligence…" *In re Standard Jury Instructions In Civil Cases-Report No. 09-01 (Reorganization of the Civil Jury Instructions)*, 35 So. 3d 666, 687 (Fla. 2010).

The Motion blurs a conviction on the merits with evidence of an officer's citation. Specifically, the Defendants rely on *Hulick v. Beers*, 7 So. 3d 1153 (Fla. 4th DCA 2009), a case in which it is noted jurors may be prejudiced in their reliance upon the decision of an investigating police officer:

> Where fault is an issue, evidence of the presence or absence of a traffic citation will almost always constitute prejudicial error and warrant a mistrial. The rationale for such a rule is as follows: "Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror's determination of fault on the part of the respective drivers."

*Id.* at 1155 (quoting *Albertson v. Stark*, 294 So.2d 698, 699–700 (Fla. 4th DCA 1974)).

Here the question is not what a police officer found or concluded in a report devoid of due process but, rather, what a judge ruled following an evidentiary trial. Mr. Anderson has been convicted of breaking the law; this conviction followed a plea, a formal hearing, the eliciting of evidence from multiple witnesses (many – if not all – of whom will testify again herein), and all the hallmarks of due process. For him to now seek to contend that he did not, in fact, violate that statute is perplexing; being found to have violated the law in one court, and then arguing that no law was violated in a separate court, is a paradigm that would invite strange and judicially inconsistent – if not outright Kafkaesque – results if permitted.

Moreover, the traffic trial is critical to the matter *sub judice* as it informs the defamatory conduct of Mr. Anderson and SFL's agents. In connection with the traffic trial and its lead-up, they told people – demonstrably counterfactually – Ms. Burgos was intoxicated at the time of the

collision. The traffic trial is the very context that informs this slander; Mr. Anderson was seeking to avoid liability by painting a false narrative at the expense of Ms. Burgos' good name.

In any event, though, this issue is woefully premature. If the Defendants wish to move *in limine* to limit references to Mr. Anderson's conviction, the issue can – and ought to – be fully addressed at that time. For the time being, the Complaint's allegation of Mr. Anderson being found guilty of the events giving rise to this suit is certainly part of the narrative underlying this case and is not the sort of "redundant, immaterial, impertinent, or scandalous matter" subsumed within Federal Rule of Procedure 12(f).

      **c. Ms. Burgos Has Properly Stated a Claim for Defamation *Per Se***

Following the vehicular collision at issue in this case, Mr. Anderson and one or more other agents of SFL commenced informing third parties Ms. Burgos was intoxicated at the time of the incident. Complaint at ¶¶ 14, 15, 43-47. The Motion asserts these comments do not rise to the level of defamation. Motion at pp. 8-11. However, inasmuch as the defamatory statements suggest Ms. Burgos to have been driving while intoxicated, at a time when she was working, they meet the threshold for defamation *per se* as they serve to allege she was acting lawlessly in connection with the discharge of her profession.

As the United States District Court for the Southern District of Florida has explained, a claim for defamation per se may embrace an act of either libel or slander:

> A claim for defamation per se may proceed under a theory of libel per se or slander per se depending on the facts of the case. In Florida, slander is actionable per se "without a showing of special damage [ ] if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office, or (d) the other being a woman, acts of unchasti[t]y." A published statement is libelous per se if: "(1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or

6

disgrace; or (4) it tends to injure one in his trade or profession." Given the facts presented, and as acknowledged by Klayman, the only applicable grounds for Klayman to proceed under a theory of slander or libel per se are statements that (1) accuse a person of a felony or (2) impugn a person's trade or profession.

*Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1247 (S.D. Fla. 2014) (citing *Ordonez v. Icon Sky Holdings LLC*, 2011 WL 3843890 (S.D. Fla. 2011); citing and quoting *Campbell v. Jacksonville Kennel Club, Inc.*, 66 So.2d 495, 497 (Fla. 1953); quoting *Richard v. Gray*, 62 So.2d 597, 598 (Fla. 1953)).

Here, Ms. Burgos alleges defamatory statements were uttered by Mr. Anderson and one or more other agents of SFL. Complaint at ¶ 14. The people to whom these statements were uttered included witnesses in the traffic case against Mr. Anderson (who are, by necessary extension, likely witnesses in this case). *Id.*

Plainly, driving while intoxicated is a violation of Florida law. Complaint at ¶ 44. Here, Ms. Burgos was operating her work vehicle, as part of her job, at the time of the collision. Complaint at ¶ 45. Ms. Burgos' job specifically entails her operation of a vehicle going to and from equestrian events. *Id.* Thus the orally uttered defamatory allegations are, in the words of the *Klayman* and *Ordonez* Courts, assertions Ms. Burgos engaged in "conduct… incompatible with the proper exercise of [her] lawful business [or] trade."

The Motion insists "…this Court can easily conclude that the statements do not meet the definition of defamatory…" Motion at p. 10. This is a troubling assertion; if it is the Defendants' contention they may tell witnesses that Ms. Burgos was driving drunk on the job, and doing so leads to the "easy conclusion" nothing defamatory has been uttered, the entire notion of defamation *per se* is turned on its head. These are cruel, offensive, and untruthful allegations of Ms. Burgos engaging criminal conduct in connection with her work; they most certainly do not invite an "easy conclusion" the Defendants have done no wrong.

Additionally, the Defendants suggest Ms. Burgos has not alleged damages to stem from the defamatory conduct and, ergo, not stated a claim for defamation. Motion at p. 10 ("It should also be noted that Plaintiff has failed to allege any damages arising from the alleged defamation."). This argument is premised upon a fundamental misconstruction of defamation *per se*, however, as such a claim is of a variety where damages need not be shown but, rather, are conclusive presumed.

Specifically, "Words which are actionable in themselves, or per se, necessarily import general damages and need not be pleaded or proved but are conclusively presumed to result. Moreover malice is presumed as a matter of law from the publication of such words." *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. 1st DCA 1977).

Here, the Defendants have alleged Ms. Burgos was driving drunk while working. This is a classic instance of someone making a demonstrably false statement concerning the lawfulness, *vel non*, with which another person is discharging their trade. The statement is thus of a nature and character as to be defamatory *per se*, and under Florida law there is accordingly a conclusive presumption of damages that "need not be pleaded or proved." The Motion, as such, merits denial as to this claim.

### IV. Notice of Dismissal of Negligence *Per Se* Claim

In light of the arguments presented in the Motion as to Ms. Burgos' claim for negligence *per se*, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Ms. Burgos does hereby dismiss Count II of her Complaint, being a claim for negligence *per se*. Ms. Burgos does not dismiss any other count of her Complaint.

The Defendants make a seemingly valid point as to the status of Florida law *vis a vis* claims for negligence *per se* stemming from traffic convictions. While evidence of the traffic

violation is evidence of negligence (as discussed *supra*), the conviction does not appear to give rise to a claim for negligence *per se*.

## V. Leave to Amend is Requested

Ms. Burgos believes her Complaint adequately sets forth claims for negligence and defamation *per se*. Ms. Burgos contends both claims, as stated, comply with the mandate of Federal Rule of Civil Procedure 8 by providing a "short and plain statement" as to her entitlement to relief. However, to the extent this Honorable Court feels any greater detail is needed to support either claim, Ms. Burgos respectfully requests leave to amend her pleading.

## VI. Conclusion

WHEREFORE, Ms. Burgos respectfully prays this Honorable Court deny the Motion as to Counts I and III of her Complaint, deny the Motion as moot as to Count II of her Complaint, and afford such other and further relief as may be just and proper.

Dated: June 25, 2020

Respectfully submitted,

*/s/ Maurice B. VerStandig*
Maurice B. VerStandig, Esq.
Bar Number 76723
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 576-6885
mac@mbvesq.com
*Counsel for Kathleen Burgos*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court this 25th day of June, 2020 by using the CM/ECF System which will send notice of the electronic filing and complete service of the foregoing to all interested parties registered to receive service through said system.

                                       By: /s/ Maurice B. VerStandig
                                              Maurice B. VerStandig, Esq.