UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KATHLEEN BURGOS,**

    **Plaintiff,**

v.                                                                                                                      Case No: 5:20-cv-147-Oc-30PRL

**SOUTHEASTERN FREIGHT LINES,
INC. and THOMAS J ANDERSON,**

    **Defendants.**

_____

### REPORT AND RECOMMENDATION[1]

In this personal injury action, Plaintiff Kathleen Burgos, is suing Defendants Southeastern Freight Lines, Inc. (SFL) and Thomas Anderson for negligence, negligence per se, and defamation per se. (Doc. 1). Defendants now move to dismiss Plaintiff's complaint (Doc. 13), to which she has responded. (Doc. 15). For the reasons discussed below, I submit that Defendants' motion is due to be granted as to Count II, but otherwise denied.

    **I.**     **BACKGROUND**

This suit arises out of a traffic accident that occurred between Plaintiff and Defendant Anderson on February 27, 2018. (Doc. 1). According to the complaint, Anderson was operating a semi-tractor and trailer within the scope of his employment at SFL when he proceeded through the intersection at a red traffic light. (Doc. 1 ¶¶ 6-9, 19-22). Plaintiff was operating her personal business vehicle when the light turned green and she proceeded through the intersection. (Doc.1 ¶

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

7). Anderson's vehicle crashed into Plaintiff's vehicle and caused Plaintiff's car to spin across multiple lanes of traffic. (Doc. 1 ¶¶ 9-11).

Anderson was issued a citation and charged with violating Fla. Stat. § 316.075(1)(C)(1). (Doc. 1 ¶¶ 13-18). In March 2018, Anderson plead *nolo contendere* and the County Court for Marion County, Florida adjudicated him guilty. (Doc. 1 ¶¶ 13-18). Prior to the trial, Anderson and at least one agent of SFL falsely told multiple people, including witnesses to the collision, that Plaintiff was intoxicated when the collision occurred. (Doc. 1 ¶ 14).

Plaintiff now seeks to recover damages from Defendants based on causes of action for negligence (Count I), negligence per se (Count II), and defamation per se (Count III). (Doc. 1).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holding in *Ashcroft* and *Twombly*. First, the Court must "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

A well-pled complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984).

### III.  DISCUSSION

As an initial matter, Plaintiff has agreed that dismissal is warranted as to her claim for negligence per se (Count II). (Doc. 15, p. 8). Plaintiff contests the dismissal of the remaining two Counts.

#### A.  Joint and Several Liability

In all Counts of the Complaint, Plaintiff seeks to hold Defendants jointly and severally liable. (Doc. 1, pp. 6-8). Defendants argue that Fla. Stat. § 768.81 abolished joint and several liability in Florida. (Doc. 13, p. 8). However, as Plaintiff points out, the statute applies to situations that apportion liability between multiple independent tortfeasors. Fla. Stat. § 768.81(3) ("In a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability."). In

situations involving *respondeat superior* liability, courts have allowed parties to be held jointly and severally liable in Florida. *See Daum v. Adweiss*, LLLP, 271 So. 3d 30, 31 (Fla. 3d DCA 2018) (affirming a final judgment holding an individual and company jointly and severally liable); *see also Walters v. Beach Club Villas Condo., Inc.*, No. 3D17-0753, 2020 WL 912943, at *3 (Fla. 3d DCA Feb. 26, 2020) ("[W]hen an owner owes a non-delegable duty of care to a plaintiff who obtains a verdict assigning negligence to the owner and a party contracted by the owner, the owner [becomes] jointly and severally liable for the negligence attributed to the contracted party.").

Here, Plaintiff alleges that Defendant Anderson was acting within the scope of his employment with Defendant SFL at the time of the traffic accident. (Doc. 1¶ 19-22). "'[I]ndividual officers and agents of a corporation are personally liable for torts committed within the scope of their employment,' and joint and several liability may apply to both the individual who perpetrated the tort and the company for whom he worked." *Daum*, 271 So. 3d at 31 (quoting *Powerhouse Inc. v. Walton*, 557 So. 2d 186, 186 (Fla. 1st DCA 1990)). Therefore, Defendants' motion to dismiss or strike any allegations of joint and several liability should be denied.

B.   **Defamation Per Se**

In Count III of the Complaint, Plaintiff brings a claim of defamation per se against Defendants. (Doc. 1 ¶¶ 42-47). Plaintiff alleges that Defendants told multiple people that Plaintiff was intoxicated. (Doc. 1, ¶ 14, 43).

Words are actionable *per se* "if by general consent their character is injurious[,] e.g., conduct, characteristics or condition incompatible with the proper exercise of one's lawful business, trade, profession, or office." *Mackroy-Snell v. Lake Wales Charter Schools*, No. 806-cv-1380-T-30MAP, 2006 WL 2864317, at *6 (M.D. Fla. Oct. 5, 2006); *see also Anthony Distributors, Inc. v. Miller Brewing Co.,* 941 F. Supp. 1567, 1578 (M.D. Fla. 1996) ("Under Florida law, words

are defamatory when they charge a person with an infamous crime or tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession."). Here, Defendants claim that Plaintiff "has not even alleged what [her] profession or business is." (Doc. 1, ¶ 45). Plaintiff, however, clearly has stated what her profession entails: driving a trailer to various horse shows throughout the United States.

Defendants' argument that at this stage in the proceedings Plaintiff had to "show [her] reputation in the community and the actual economic, political, or personal effects the false statement had" is unavailing. (Doc. 13, p. 9); *see Mackroy-Snell*, 2006 WL 2864317, at *6 (finding that a plaintiff sufficiently alleged a statement was defamatory per se and the truth of the statement is more appropriately addressed at the summary judgment stage). Plaintiff alleges that Defendants told witnesses to the collision that Plaintiff was intoxicated. (Doc. 1 ¶¶ 42-47). At that time, she was operating her personal business vehicle. (Doc. 1 ¶¶ 7, 43-45). Statements claiming that Plaintiff drives while intoxicated could be injurious to Plaintiff's profession, which involves driving. *Mackroy-Snell*, 2006 WL 2864317, at *6 (deciding that a defendant publicly saying that a plaintiff "was terminated for poor job performance" could be injurious to plaintiff's profession). Plaintiff has sufficiently alleged that the statements were defamatory per se.

Additionally, Defendants claim that Plaintiff has failed to allege special damages in her defamation claim. (Doc. 13, p. 10). Under Florida law, words that are actionable per se, "necessarily import general damages and need not be pleaded or proved but are conclusively presumed to result." *Scarborough v. National Ass'n of Surety Bond Producers*, No. 8:05-cv-1544-T-30TBM, 2008 WL 11439379, at *3 (M.D. Fla. Apr. 25, 2008) (quoting *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So. 2d 279, 281 (Fla. 1st DCA 1977). Special damages, however, must be specifically pled if a plaintiff intended to recover such damages. *Bobenhausen*, 344 So.

2d at 281. However, Defendants conflate the elements of defamation and the need to plead "actual" damages and "special" damages. In a defamation per se action, "neither general nor special damages need to be pled to support those claims." *Leavitt v. Cole*, 291 F. Supp. 2d 1338, 1346 (M.D. Fla. 2003); *Campbell v. Jacksonville Kennel Club*, 66 So. 2d 495, 497 (Fla. 1953) (explaining when an oral communication is "actionable per se, without a showing of special damage"). Accordingly, Defendants' motion to dismiss as to Count III should be denied.

### C.   Defendant Anderson's Citation and *Nolo Contendere* Plea

Finally, Defendants argue that Anderson's traffic citation and plea of *nolo contendere* should not be included as a factual basis for Plaintiff's claim for negligence per se (Count II). (Doc. 13, pp. 4-6). Because Plaintiff dismisses her negligence per se claim, the Court need not consider this argument. However, it is unclear if Defendants are contending that Anderson's traffic citation and plea should not be included in the factual basis for Counts I and III as well. Plaintiff contends that both the traffic citation and Mr. Anderson's plea are critical to the matter because proof of a traffic citation is evidence of negligence. (Doc. 15, pp. 4-6). If Defendants wish to exclude this evidence, they should file a motion with this Court at the appropriate time.

### IV.   RECOMMENDATION

For the reasons stated above, it is recommended that Defendants' motion to dismiss (Doc. 13) be **GRANTED** as to Count II, but otherwise **DENIED**.

Recommended in Ocala, Florida on July 14, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy